UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOE LOUIS BUCKLEY

CIVIL ACTION

VERSUS

NUMBER 07-589-FJP-SCR

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 30, 2008.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOE LOUIS BUCKLEY

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 07-589-FJP-SCR


**MAGISTRATE JUDGE'S REPORT**

Plaintiff Joe Louis Buckley brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability and supplemental security income (SSI) benefits.

Plaintiff was 42 years of age at the time of the ALJ's decision.  AR pp. 83, 230.[1]  Plaintiff attended school through the ninth grade.  AR pp. 96, 232.  Plaintiff's past relevant work consisted of employment as a brick mason and truck driver for a waste management company.  AR pp. 105-08.  Plaintiff claimed that he was no longer able to work beginning in January 2004, because of a heart condition and hypertension.  In April 2004, the plaintiff applied for disability and supplemental security income benefits. AR pp. 83-85, 206-07.  Plaintiff's applications were denied and the plaintiff filed a request for a hearing before an administrative law judge (ALJ).  AR pp. 39-44.

---

[1] Under the regulations the plaintiff is classified as a "younger person." 20 C.F.R. § 404.1563(c); § 416.963(c).

The ALJ held an initial hearing on March 30, 200 and issued an unfavorable decision on April 14, 2005.  AR pp. 27-38, 209-226.  Plaintiff requested review by the Appeals Council.  The Appeals Council ultimately granted the request for review and remanded the case.  The ALJ was instructed to reconsider the plaintiff's residual functional capacity, obtain evidence from a vocational expert, offer the plaintiff an opportunity for another hearing, and take any further action needed to complete the administrative record and issue a new decision.[2]

Pursuant to the remand order the ALJ held a second hearing on October 4, 2006.  AR pp. 63-67.  He again heard testimony from the plaintiff and obtained testimony from vocational expert Richard Corbin.  AR pp. 227-49.  The ALJ issued a second unfavorable decision on October 25, 2006.  AR pp. 14-25.

The ALJ found that the plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 2004.  At the second step of the five step sequential disability analysis, the ALJ determined that the plaintiff had a combination of severe  impairments - ventricular tachycardia and hypertension.[3]  The ALJ also reconsidered the right hand, knee, and

---

[2] AR pp. 56-67.

[3] It is unnecessary to summarize the medical evidence related to these impairments.  The medical records document the plaintiff's heart condition and problems with high blood pressure, and his continuing treatment for these conditions.  *See*, AR pp. 128-78,
(continued...)

back problems reported by the plaintiff, but again found them to be non-severe based on a lack of objective medical evidence to document their existence.[4]  At step three the ALJ concluded that the plaintiff's combination of impairments did not meet or medically equal one of the listed impairments found in Appendix 1 of 20 C.F.R. Part 404, Subpt. P.  AR p. 20

In order to determine whether the plaintiff could do his past relevant work or make an adjustment to other work in the national economy, the ALJ had to evaluate the plaintiff's residual functional capacity (RFC) to perform work-related activities.[5]  The ALJ found that the plaintiff had the following residual functional capacity:

> ... to perform occasional lifting and/or carrying of up to twenty pounds, frequent lifting and/or carrying of up to ten pounds, standing and/or walking for up to six hours in an eight-hour workday, sitting for up to six hours in an eight-hour workday, no over-the-shoulder work, no work at heights, and no work around dangerous machinery.

AR p. 20.

Based on these findings, the plaintiff generally had the ability to perform work at a light exertional level, reduced by the

---

[3](...continued)
188-204.

[4] AR pp. 19-20, 28, 31.

[5] The residual functional capacity determination is the foundation of steps four and five of the sequential disability evaluation process.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 416.920(e).

additional limitations of no over-the-shoulder work, no work at heights, and no work around dangerous machinery.[6] The evidence showed, however, that the plaintiff's job as a brick mason and truck driver were classified as very heavy and medium.[7] Therefore, considering the plaintiff's past employment and the testimony of vocational expert, the ALJ concluded at step four that the plaintiff would no longer be able to do his either of his previous jobs.[8]

The ALJ relied again on the testimony of vocational expert at the fifth and final step of the disability analysis.[9] AR pp. 24, 245-48. In response to the ALJ's questioning, Corbin testified that the positions of garment folder and hotel cleaner would fall within the hypothetical question presented by the ALJ.[10] The ALJ cited this evidence in his written decision and concluded that the plaintiff was not disabled because he was capable of making a

---

[6] 20 C.F.R. § 404.1567(b); 20 C.F.R § 416.967(b)(definition of light work).

[7] 20 C.F.R. § 404.1567(c) and (e); 20 C.F.R. § 416.967(c) and (e)(definition of medium and very heavy work).

[8] AR pp. 20-23, 246.

[9] The ALJ determined that the plaintiff's ability to perform substantially all the requirements of light work was affected by additional limitations. Therefore, the ALJ correctly obtained vocational expert evidence to make the findings necessary at step five of the analysis. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986); *Vaughn v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995).

[10] Other sedentary jobs were also identified. AR pp. 247-48.

successful adjustment to alternative work that exists in significant numbers in the national economy. AR pp. 24-25.

Plaintiff appealed the ALJ's decision to the Appeals Council, which denied the plaintiff's request for review on June 12, 2007. AR pp. 4-6. Thus, the ALJ's decision issued on October 26, 2006 became the final decision of the Commissioner and the plaintiff filed his petition for judicial review.

## **Standard of Review**

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the relevant legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131 at 135. A finding of no substantial evidence is appropriate only if no credible evidentiary

choices or medical findings support the decision.  *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).  In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision.  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).[11]

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal.  *Bradley v.* Bowen, 809 F.2d 1054, 1057 (5th Cir. 1981); Western *v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity.  20 C.F.R. § 404.1505; 20 C.F.R. § 416.905.  The

---

[11] It is well-established that in cases brought under § 405(g), evidence external to the administrative record is generally inadmissible, and on judicial review the court cannot consider any evidence that is not already a part of the administrative record. *Lovett v. Schweiker*, 667 F.2d 1, 2 (5th Cir. 1981); *Flores v. Heckler*, 755 F.2d 401, 403 (5th Cir. 1985).

regulations require the ALL to apply a five step sequential evaluation to each claim for disability benefits.  20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.  In the five step sequence used to evaluate claims, the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment or combination of impairments, (3) the impairment(s) meets or equals the severity of a Listing impairment in Appendix 1 of the regulations, (4) the impairment(s) prevents the claimant from performing past relevant work, and (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

Listing impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect.  Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results.  For a claimant to show that his impairment matches a Listing he must demonstrate that it meets all of the medical criteria specified in the Listing.  An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1525; 20 C.F.R. § 416.925.  To show that his impairments are equivalent to a Listing impairment, the claimant must present medical findings equal in severity to all the criteria for the impairment most like his impairment. *Id.*; 20

C.F.R. § 404.1526; 20 C.F.R. § 416.926.

At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. The burden of proving disability rests on the claimant through the first four steps. If the claimant shows at step four that he is no longer capable of performing any of his past relevant work, the burden shifts to the Commissioner at step five to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, *supra*. If the Commissioner meets this burden the claimant must then show that he cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

## Analysis

Plaintiff asserted that the ALJ committed several errors that warrant reversal and remand of the decision denying his claim for benefits. Plaintiff argued that the ALJ's finding that the problems with his right arm and shoulder, knee and back are non-severe impairments is not supported by substantial evidence. Plaintiff argued further that the ALJ failed to apply the correct legal standard in determining the severity of these impairments. Finally, the plaintiff argued that even if the ALJ correctly concluded that the conditions are not severe, he violated the regulations by failing to consider the symptoms associated with the impairments in the remainder of the disability analysis.

The administrative record doe not support the plaintiff's arguments. The record reflects that at step two the ALJ applied the proper legal standard to determine the severity of the plaintiff's arm/shoulder, knee and back problems. In the Fifth Circuit, the controlling severity standard is set forth in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). In *Stone v. Heckler* the court interpreted the term "severe" found in 20 C.F.R. § 404.1520(c) and § 416.920(c). The *Stone* court determined that an impairment is "considered not severe only if it is a slight abnormality" that has such a "minimal effect on the individual that it would not be expected to interfere with an individual's ability to work," irrespective of age, education or work experience. *Id*. at 1101; *Loza v. Apfel*, 219 F.3d 378, 390-91 (5th Cir. 2000).

In his October 2006 decision the ALJ stated that at step two he had to determine whether the plaintiff's combination of impairments established only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work. AR pp. 18-20. The ALJ's use of this language conveys the essence of the *Stone* standard, even though the ALJ did not actually cite *Stone*. Moreover, the ALJ did cite *Stone* in his April 2005 decision, and the ALJ specifically incorporated by reference the step two discussion and analysis from that decision into his October 2006 decision. AR pp. 20, 28, 31. A review of the record

9

as a whole, therefore, leaves no doubt that at step two the ALJ used the correct legal standard to evaluate the severity of the plaintiff's impairments.

The record also contains substantial evidence to support the ALJ's finding that the plaintiff's right arm/shoulder, back and knee impairments were not severe. Plaintiff reported pain and limitations related to his right arm/shoulder, back and knee, and that he received some medications to treat these complaints. Yet, the record contained no objective tests or findings to document the existence of these medically determinable conditions or support the plaintiff's subjective complaints.[12] For example, the only medical test in the record relating to these conditions was a shoulder x-ray which showed no abnormalities.[13] AR p. 197. Although the plaintiff testified that he received two injections in his shoulder, no medical or other records supported this testimony. AR pp. 238-39. Therefore, the ALJ's conclusion that the plaintiff's alleged right/arm shoulder, back and knee problems are not severe impairments is supported by substantial evidence.

Contrary to the plaintiff's argument, the ALJ also correctly considered these non-severe impairments in combination with the

---

[12] A claimant's statement of symptoms alone are not enough to establish the existence of a physical or mental impairment. 20 C.F.R. § 404.1528(a); 20 C.F.R. § 416.928(a).

[13] AR pp. 195-98, 234-36, 238-39, 243-44.

plaintiff's severe impairments throughout the remainder of the disability analysis.[14]  The correctness of the ALJ's analysis is apparent from his determination of the plaintiff's residual functional capacity.  AR pp. 18-20.  The ALJ found that the plaintiff generally had an exertional capacity for light work.[15]  However, considering the combined effects of all the plaintiff's impairments, the ALJ also found that the plaintiff's ability to do light work was reduced by the following nonexertional limitations: no over-the-shoulder work, no work at heights, and no work around dangerous machinery.  This finding clearly demonstrates that the ALJ followed the regulations and considered all of the medical and

---

[14] Under the regulations, the ALJ must consider the combined effects of all impairments throughout the disability determination, without regard to whether any impairment if considered separately would be of sufficient severity.  20 C.F.R. §§ 404.1523 and 404.1545(a)(2); 20 C.F.R. §§ 416.923 and 416.945(a)(2).

[15] Exertional limitations relate to the strength demands of work, namely, sitting, standing, walking, lifting, carrying, pushing and pulling.  Nonexertional limitations affect the ability to meet the demands of jobs other than the strength demands.  Some examples of nonexertional limitations are difficulty tolerating dust and fumes, or difficulty with manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling or crouching.  20 C.F.R. § 404.1569a(b) and (c); 20 C.F.R. § 416.969a(b) and (c).
    In the ALJ's initial decision, the ALJ found that the plaintiff could do a full range of light work, and his RFC finding did not include any nonexertional limitations.  The ALJ's revision of his residual functional capacity finding after the second hearing demonstrates that he followed the Appeals Council instructions to consider the plaintiff's problems with his shoulder and knee in assessing the plaintiff's residual functional capacity.  AR pp. 32-36, 65-66.

other evidence, including the plaintiff's subjective complaints and daily activities, in his determination that the plaintiff could perform a limited range of light work. AR pp. 19-23.

In summary, the plaintiff's specific claims of error are without merit.[16] The final decision of the Commissioner should be affirmed.

### Recommendation

It is the recommendation of the magistrate judge that, under sentence four of 42 U.S.C. § 405(g), the final decision of the Commissioner of Social Security denying the claim of Joe Louis Buckley for disability and supplemental security income (SSI)

---

[16] Plaintiff did not assert any errors related to the ALJ's findings at steps four and five, and review of the record does not reveal any errors at these steps. Because the plaintiff was not capable of a full range of light work, the ALJ correctly obtained and relied on the testimony of the vocational expert at the fifth and final step of the disability analysis. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994); *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986); *Vaughn v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995). The record of the administrative hearing shows that the hypothetical question to which the expert responded accurately reflected the RFC determination of the ALJ. Plaintiff's attorney was also given a full opportunity to question the expert at the administrative hearing. *Bowling*, *supra*; AR pp. 20, 245-49. The testimony of the vocational expert supported the finding that the plaintiff was not able to perform his past work as a brick mason and truck driver. This work was medium to very heavy in exertional level, and the plaintiff had only a residual functional capacity for a limited range of light work. According to the expert evidence, the plaintiff was capable of making an adjustment to other work that exists in significant numbers in the national economy. AR pp. 245-46. It constitutes the substantial evidence necessary to support the finding at the fifth step that the plaintiff is not disabled within the meaning of the Social Security Act.

benefits be affirmed and this action be dismissed.

Baton Rouge, Louisiana, September 30, 2008.

　　　　　　　　　　　　　　　　　 /s/ Stephen C. Riedlinger
　　　　　　　　　　　　　　　　　 STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　　 UNITED STATES MAGISTRATE JUDGE